IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ALIREZA PANAHPOUR, | ) | No. 81537-7-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF HEALTH, | ) | |
| | ) | |
| Respondent. | ) | |

BOWMAN, J. — Alireza Panahpour appeals the trial court's dismissal of his petition for judicial review challenging the revocation of his license to practice dentistry in the state of Washington. He alleges the trial court abused its discretion in rejecting his third motion to continue his hearing and improperly dismissed his case as a sanction for failing to file a timely brief. He also challenges the assessment of a partial cost recovery fee. Because the trial court acted within its discretion to deny the motion to continue and properly dismissed Panahpour's petition on its merits, we affirm.

FACTS

The Washington State Department of Health Dental Quality Assurance Commission (Commission) charged Panahpour with incompetence, negligence, or malpractice resulting in injury or creating an unreasonable risk of harm to patients. After a full hearing on the merits, the Commission revoked Panahpour's

dental license for at least 60 months. Panahpour petitioned in superior court for judicial review of the Commission's decision. He also moved to stay the suspension of his license pending appeal. The trial court denied the motion to stay because Panahpour failed to show he was likely to succeed on appeal.

The court set a hearing for November 4, 2019 to consider Panahpour's petition for review. In August 2019, Panahpour's attorney withdrew and moved to continue the hearing and extend the briefing deadlines. The motion noted that Panahpour was trying to relocate his dental practice to California and planned to visit his terminally ill aunt in Europe during November and December. The court granted the continuance and moved the final hearing date to February 28, 2020. The amended case schedule set January 10, 2020 as the deadline for Panahpour's trial brief.

Panahpour did not file a brief by the deadline. On February 24, 2020, he moved to continue the February 28 trial date, claiming he could not afford to retain new counsel and needed to go to Europe to help his terminally ill aunt. The court heard the motion to continue on February 28.

During the hearing, Panahpour asked for more time to save money so he could hire an attorney. He explained he was practicing dentistry in California five days a month and hoped to have enough money to hire an attorney in two or three months. The court expressed concern that Panahpour would not "come into money" in the near term so "a continuance is futile." The trial court noted that Panahpour already had six months to earn money for a new attorney, was only working five days a month, had a "huge" civil judgment against him, and

faced imminent suspension of his license to practice in California.[1]  As a result, the court was not persuaded that "things are going to be different three months from now."  The court also recognized that it had already rescheduled the hearing date at Panahpour's request, and Panahpour waited until two court days before the new date to move for another continuance.

The Commission objected to the motion to continue, arguing it had "gone to considerable expense in this matter" and "in the long run, the Commission doesn't see that it does a kindness to Dr. Panahpour to delay the proceedings further."  The Commission pointed out that it timely submitted its trial brief, which shows "there's a very limited chance of success on the merits.  It's an exacting standard.  It's his burden to show error."

Panahpour asked for "one last chance to — at least in my heart, I can say . . . I did everything I could, I fought this to the end."  The court denied the motion to continue.  It explained that it had reviewed the Commission's brief and the administrative record and concluded, "The Petitioner has not met his burden of demonstrating administrative error."  The court denied the petition for review and signed an order dismissing the action.  But the court stayed the dismissal "contingent on petitioner filing his trial brief by May 29, 2020.  If he does not, the stay is automatically . . . lifted and the dismissal will be immediately effective."  The court ordered that if Panahpour "does file his trial brief, . . . the final hearing on judicial review will be at 11:00 am on June 26, 2020."

---

[1] The court also noted that it had already denied Panahpour's motion to stay, and while his former attorney "filed a very good motion for a preliminary injunction; he didn't persuade me" that Panahpour would succeed in his petition for review.

On May 27, 2020, Panahpour moved to continue the final hearing, asking for six more months to save money for an attorney. He cited the COVID-19 pandemic[2] and resulting shutdown of all dental offices as the reason he was unable to hire an attorney. On May 29, 2020, the trial court denied the request for a continuance, lifted the stay, and entered the order dismissing Panahpour's petition for judicial review. In its order lifting the stay, the court noted, "Petitioner did not file a trial brief. He filed a request for yet another continuance."

In June, over Panahpour's objection, the court granted the Commission's request for statutory attorney fees and costs. The court entered a $25,200 judgment against Panahpour, including a $25,000 partial cost recovery fee under RCW 18.32.775(2).

Panahpour appeals the order lifting the stay and dismissing his petition, as well as the partial cost recovery fee.

## ANALYSIS

Denial of Continuance

Panahpour argues the court erred in denying his motion to continue the June 26 final hearing date because "[j]ustice [r]equired a [c]ontinuance in [l]ight of the [e]mergent COVID-19 [p]andemic [c]risis and [s]hut-[d]own [o]rders." We disagree.

We review a trial court's decision to deny a continuance for abuse of discretion. Trummel v. Mitchell, 156 Wn.2d 653, 670, 131 P.3d 305 (2006). A court abuses its discretion when its decision is manifestly unreasonable or based

_____

[2] COVID-19 is the World Health Organization's official name for "coronavirus disease 2019," first discovered in December 2019 in Wuhan, China. COVID-19 is a severe, highly contagious respiratory illness that quickly spread throughout the world.

on untenable grounds or reasons.  Trummel, 156 Wn.2d at 670-71.  When ruling

on a motion to continue, a court may properly consider

> the necessity of reasonably prompt disposition of the litigation; the
> needs of the moving party; the possible prejudice to the adverse
> party; the prior history of the litigation, including prior continuances
> granted the moving party; any conditions imposed in the
> continuances previously granted; and any other matters that have a
> material bearing upon the exercise of the discretion vested in the
> court.

Trummel, 156 Wn.2d at 670-71.

Panahpour contends the "interests of justice required the trial court to

grant him a continuance [of the June 26 final hearing] and refrain from lifting the

stay" on the court's order of dismissal.  But the trial court's order of dismissal

contemplated a June 26 hearing only if Panahpour filed his trial brief no later than

May 29.  Because Panahpour filed no brief, the court did not set a June 26 final

hearing.  And the stay language in the court's order of dismissal states the stay

will be "automatically . . . lifted" and the dismissal "immediately effective" unless

Panahpour filed a brief no later than May 29.  During the February 28 hearing on

Panahpour's motion to continue, the court explained to Panahpour that this

language "puts in place the procedure that is the default of if you don't do — if

you don't file the brief."  Panahpour did not move to modify or reconsider the

terms of the order.  The trial court did not abuse its discretion in denying

Panahpour's motion to continue or lifting the stay under the terms of its order.

Dismissal

Panahpour claims the trial court "lacked authority to summarily resolve"

his petition for review as "an apparent sanction for him not filing his trial brief."

5

We disagree with Panahpour's characterization that the court dismissed his petition as a sanction.

Panahpour petitioned for judicial review of the Commission's final order under the Administrative Procedure Act (APA), chapter 34.05 RCW. On appeal, we sit in the same position as the trial court, applying the APA standards directly to the record before the agency. King County Pub. Hosp. Dist. No. 2 v. Wash. State Dep't of Health, 178 Wn.2d 363, 372, 309 P.3d 416 (2013). We may reverse an administrative order on only limited grounds. See RCW 34.05.570(3). We presume the agency decision is correct, and the challenger bears the burden of proving error. Providence Health & Servs.—Wash. v. Wash. State Dep't of Health, 194 Wn. App. 849, 856, 378 P.3d 249 (2016).

Panahpour claims the trial court dismissed his petition as a sanction for failing to submit his brief. This misconstrues the trial court's order. Under RCW 34.05.570(1)(a), Panahpour had the burden of proving that the Commission's decision was incorrect. Panahpour did not file a brief or submit oral argument to the court in support of his petition for review. As a result, he failed to identify error and establish the merits of his case. After considering the record and the Commission's brief, the court dismissed Panahpour's petition because he "has not met his burden of demonstrating administrative error." The court's order dismissing Panahpour's petition for review was a decision on its merits under the APA, not a sanction.[3]

---

[3] Panahpour also claims the trial court erred by dismissing the case as a sanction "for a [l]apsed [d]eadline" without considering on the record the factors in Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997). Because the trial court did not dismiss the petition as a sanction, we reject this argument.

Even so, Panahpour argues the order is insufficient because the trial court did not " 'make a separate and distinct ruling on each material issue on which the court's decision is based' " as required by RCW 34.05.570(1)(c).  But the trial court's conclusion that Panahpour "has not met his burden of demonstrating administrative error" is a ruling that Panahpour failed to meet his burden on any material issue.  Because Panahpour failed to file a brief or otherwise argue his case, he raised no material issues for which the trial court could make separate and distinct rulings.  We affirm the trial court's dismissal of Panahpour's petition for review.[4]

Partial Cost Recovery Fee

Panahpour argues the trial court should not have assessed the statutory $25,000 partial cost recovery fee.  The Commission contends it was entitled to the fee as the prevailing party below and requests another partial cost recovery fee on appeal.

RCW 18.32.775(2) provides:

If the dentist seeks judicial review of the disciplinary action and there was a partial recovery hearing fee assessed, then unless the license holder achieves a substantial element of relief, the reviewing trial court or appellate court shall further impose a partial cost recovery fee in the amount of twenty-five thousand dollars at the superior court level, twenty-five thousand dollars at the court of appeals level, and twenty-five thousand dollars at the supreme court level.  Application for waiver may be made to the court at each level and must be considered by the court under the standards stated in subsection (1)(c) of this section.

---

[4] We also note the trial court issued an extensive 12-page order denying Panahpour's motion to stay the Commission's final decision pending juridical review in support of its conclusion that Panahpour "did not demonstrate that he will be successful upon appeal."

7

The trial court properly assessed the $25,000 partial cost recovery fee below after dismissing Panahpour's case on its merits. And, in light of our decision, Panahpour does not achieve "a substantial element of relief" on appeal. RCW 18.32.775(2). Panahpour also did not seek a waiver of the fee. See RCW 18.32.775(2), (1)(c). The Commission is entitled to the statutory partial cost recovery fee of $25,000 on appeal.

We affirm the superior court order dismissing judicial review of the Commission's decision revoking Panahpour's dental license.

_____

WE CONCUR:

_____                    _____